**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **GINA CHRISTOPHERSON,**<br>**individually and on behalf of all those**<br>**similarly situated** | Case No. 0:23-cv-03614 |
| | Judge Jerry W. Blackwell |
| **Plaintiff,** | Magistrate Judge Leo I. Brisbois |
| **- against -**<br>**CINEMA ENTERTAINMENT**<br>**CORPORATION,** | Hearing Date: February 16, 2024<br>1:00 PM |
| **Defendant.** | |

**PLAINTIFF GINA CHRISTOPHERSON'S MEMORANDUM OF LAW IN**
**OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 1

BACKGROUND ............................................................................................................. 2

ARGUMENT ................................................................................................................... 3

LEGAL STANDARD ...................................................................................................... 3

I.   DEFENDANT'S ORDINARY MOTION TO DISMISS CANNOT STAY
     DISCOVERY AND DEFENDANT HAS FAILED TO SHOW IT IS LIKELY TO
     SUCCEED ON THE MERITS ................................................................................. 5

     A.   The Possibility that a Motion to Dismiss Might Resolve a Case—Without
          More—is Not a Valid Basis for Staying Discovery ..................................... 5

     B.   Defendant has Not Shown a Strong Possibility of Prevailing on the MTD .. 7

II.  DEFENDANT HAS FAILED TO SHOW IT WILL SUFFER ANY HARDSHIP
     OR INEQUITY IN RESPONDING TO STANDARD DISCOVERY ................... 9

III. CHRISTOPHERSON WILL BE DEPRIVED OF HER RIGHT TO
     DISCOVERY—INCLUDING INFORMATION RELEVANT TO
     DEFENDANT'S MOTION TO DISMISS ........................................................... 10

IV.  DEFENDANT HAS FAILED TO SHOW ANY PRESERVATION OF
     JUDICIAL RESOURCES FROM A STAY OF DISCOVERY ........................... 11

CONCLUSION ............................................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cake Love Co. v. AmeriPride Servs., LLC*,
  2023 WL 3255015 (D. Minn. May 4, 2023) ....................................................*passim*

*Danger v. Nextep Funding, LLC*,
  2019 WL 4917181 (D. Minn. Jan. 22, 2019) ......................................................5, 6

*Feldman v. Star Trib. Media Co. LLC.*,
  659 F. Supp. 3d 1006 (D. Minn. 2023) ...............................................................8, 9

*Ferrari v. Best Buy Co.*,
  2014 WL 11498023 (D. Minn. Dec. 4, 2014) ....................................................3, 10

*Goldstein v. Fandango Media, LLC*,
  2023 WL 3025111 (S.D. Fla. Mar. 7, 2023) ...........................................................8

*LNV Corp. v. Outsource Serv. Mgmt., LLC*,
  2013 WL 12180768 (D. Minn. Nov. 14, 2013)........................................... 1, 3, 6, 10

*Merchants Bonding Co. v. Vann Companies, LLC*,
  2023 WL 3198289 (D. Minn. Mar. 8, 2023). .........................................................4

*Mut. Relief Soc'y of Am. v. Arrowood Indem. Co.*,
  2018 WL 9787272 (D. Minn. Apr. 23, 2018) .........................................................6

*Osheske v. Silver Cinemas Acquisition Co.*,
  2023 WL 8188464 (C.D. Cal. Oct. 31, 2023) ......................................................7, 8

*Osheske v. Silver Cinemas Acquisition Co.*,
  Case No. 23-3882 (Nov. 30, 2023 9th Cir.) ...........................................................8

*S. Glazer's Wine & Spirits, LLC v. Harrington*,
  2021 WL 7286938 (D. Minn. Sept. 29, 2021) ........................................................4

*Saunders v. Hearst Television, Inc.*,
  2024 WL 126186 (D. Mass. Jan. 11, 2024) ............................................................9

*Steinbuch v. Cutler*,
　　518 F.3d 580 (8th Cir. 2008). .............................................................................. 11

*TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*,
　　2013 WL 4487505 (D. Minn. Aug. 20, 2013) ................................................... *passim*

*United States v. Ron Pair Enter., Inc.*,
　　489 U.S. 235 (1989) ............................................................................................ 7

*Vallejo v. Amgen, Inc.*,
　　903 F.3d 733 (8th Cir. 2018) ........................................................................... 5, 10

*Villalobos v. United States*,
　　2022 WL 2452278 (D. Minn. July 6, 2022) ....................................................... 4

*Weekley v. N & H Liquor*,
　　2019 WL 8017733 (C.D. Cal. Sept. 11, 2019) ................................................... 8

**Statutes**

18 U.S.C. § 2710 .................................................................................................... 2, 7

42 U.S.C. § 12181 .................................................................................................... 8

## PRELIMINARY STATEMENT

Cinema Entertainment Corporation's ("Defendant") motion to stay discovery should be denied because Defendant cannot demonstrate the applicability of any of the relevant factors in support of a stay, let alone satisfy its "heavy burden to establish the need of the stay." *Cake Love Co. v. AmeriPride Servs., LLC*, No. 22-CV-1301 (PJS/ECW), 2023 WL 3255015, at *2 (D. Minn. May 4, 2023). In this District, "[m]ere filing of a motion to dismiss does not constitute good cause to stay discovery." *LNV Corp. v. Outsource Serv. Mgmt., LLC*, No. 13-CV-1926 (JNE/LIB), 2013 WL 12180768, at *3 (D. Minn. Nov. 14, 2013). Rather, Defendant must demonstrate the "Complaint is facially frivolous or clearly without merit" or "particular facts or circumstances that make responding to discovery in this case unusually burdensome or prejudicial beyond the usual case of this nature." *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, No. CIV. 13-1356 ADM/FLN, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013). Defendant does not, and cannot, demonstrate any such thing, so their motion to stay must be denied. In particular:

- Defendant cannot show a likelihood of success on the merits. Only two district courts—both out of Circuit—have ever examined Defendant's primary argument and split on it. The rest of Defendants' arguments have been routinely rejected.

- Defendants do not indicate any particular hardships of discovery "beyond the usual case of this nature." *Id.* at 2.

- Ms. Christopherson, will be prejudiced in waiting months to start discovery she is entitled to and deprived of discovery relevant to opposing the motion to dismiss.

- Defendants do not explain how a stay will conserve judicial resources.

Because Defendant has not made any showing of good cause for staying discovery—let alone satisfied its heavy burden—the motion to stay must be denied.

{00465127.DOCX; 2}

## BACKGROUND

On November 22, 2023, Christopherson filed a Class Action Complaint ("Complaint") against Defendant, alleging that Defendant violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). (Dkt. No. 1.)  The VPPA prohibits businesses who are engaged in the "rental, sale, or delivery" of "similar audio visual materials" to "prerecorded video cassette tapes" to share records of what their customers watched with a third party without their customer's consent. (*Id.* ¶ 16.)  Christopherson alleges that Defendant owns and operates a chain of movie theaters where it delivers audio visual materials to customers, *i.e.* movies, and therefore, Defendant is regulated by the VPPA. (*Id.* ¶¶ 2, 19, 22.)  Defendant also operates a website in connection with its movie theaters where users can purchase tickets and view trailers. (*Id.* ¶ 3.) Christopherson alleges that Defendant violated the VPPA because, without her or any other customers' consent, Defendant transmitted to Meta Platforms, Inc. ("Meta")—formerly known as Facebook— a record of the movies she purchased and the trailers that she viewed on Defendant's website through the Meta Pixel program. (*Id.* ¶¶ 47-54.)  The VPPA provides consumers with the right to recover statutory damages of $2,500 per violation, plus attorneys' fees and costs. (*Id.* ¶ 7.)

On January 17, 2024, Defendant moved to dismiss the Complaint, arguing, among other things, that the Complaint fails to allege that movie theater operators are bound by the VPPA, that the Complaint fails to allege that Defendant knowingly disclosed Christopherson's personal identifying information ("PII") and that the VPPA is unconstitutional if it applies to Defendant. (Dkt. No. 27.)  Christopherson's opposition is

due on February 29, 2024, and Defendant's reply is due on March 22, 2024, with a hearing on the motion scheduled for April 9, 2024.

On January 31, 2024, the parties met and conferred about submitting the Rule 26(f) form, which includes setting discovery deadlines. (Hutman Decl. ¶ 2.) Christopherson's counsel wanted to discuss deadlines for document discovery, but Defendant's counsel refused on the grounds that Defendant intended to move for a stay in discovery pending the motion to dismiss. (*Id*. ¶¶ 2-3.) Christopherson's counsel noted that the mere filing of a potentially dispositive motion is not legitimate grounds for staying discovery. (*Id*. ¶ 4.) Nevertheless, Defendant refused to discuss discovery deadlines. (*Id*.)

Christopherson's counsel even suggested a compromise where the parties proceed with the most critical discovery, but Defendant refused to participate in even limited discovery while the motion was pending and filed the motion to stay ("MTS") on February 1, 2024. (*Id.* ¶ 5.)

**ARGUMENT**

**LEGAL STANDARD**

A party seeking a motion to stay discovery must show "good cause" under Rule 26(c) of the Fed. R. of Civ. P. *Ferrari v. Best Buy Co.*, No. CV 14-2956 (MJD/FLN), 2014 WL 11498023, at *1 (D. Minn. Dec. 4, 2014); *accord LNV Corp. v. Outsource Serv. Mgmt., LLC*, No. 13-CV-1926 (JNE/LIB), 2013 WL 12180768, at *3 (D. Minn. Nov. 14, 2013) ("In addition to the 'good cause' requirement, the Court keeps in mind the liberal discovery principals of the Federal Rules of Civil Procedure."). Moreover, "[a] proponent of a stay has a **heavy burden** to establish the need of the stay." *Cake Love Co*, 2023 WL 3255015,

at *2 (emphasis added); *S. Glazer's Wine & Spirits, LLC v. Harrington*, No. 21-CV-1254 (JRT/JFD), 2021 WL 7286938, at *3 (D. Minn. Sept. 29, 2021) ("The proponent of a stay has a heavy burden to establish the need for it.").  Indeed, "a presumption favors the party opposing the stay."  *Merchants Bonding Co. v. Vann Companies, LLC*, No. 22-CV-2925 (PJS/DTS), 2023 WL 3198289, at *2 (D. Minn. Mar. 8, 2023).

"It is important to emphasize that filing of a dispositive motion does not in and of itself warrant the issuance of a stay of discovery."  *Cake Love Co.*, 2023 WL 3255015, at *2; *TE Connectivity Networks*, 2013 WL 4487505, at *2 ("[I]t, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay.")  This is because "saving the time and expense of normal litigation costs is not 'good cause' under Rule 26(c)."  *TE Connectivity Networks*, 2013 WL 4487505, at *2 (denying stay of discovery where Defendant "ha[d] not identified any specific good cause warranting a stay," the case did "not involve a statute or doctrine of law which requires the resolution of motions to dismiss before discovery begins").

"[C]ourts typically consider a variety of practical factors when determining whether a stay is appropriate, including: (1) whether the movant has shown it is reasonably likely to succeed on the merits of its dispositive motion; (2) whether the movant has demonstrated it will suffer hardship or inequity if the matter is not stayed; (3) whether there will be prejudice to the non-moving party if the matter is stayed; and (4) what outcome is best for the conservation of judicial resources."  *Villalobos v. United States*, No. 21-CV-2233 (NEB/JFD), 2022 WL 2452278, at *2 (D. Minn. July 6, 2022).  "A party seeking to limit discovery must 'establish grounds for not providing the discovery that are specific and

factual; the party cannot meet its burden by making conclusory allegations as to undue burden.'" *Cake Love Co.*, 2023 WL 3255015, at \*4 (quoting *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018)).  Defendant has failed to carry their heavy burden on any of these factors.

**I.    DEFENDANT'S ORDINARY MOTION TO DISMISS CANNOT STAY DISCOVERY AND DEFENDANT HAS FAILED TO SHOW IT IS LIKELY TO SUCCEED ON THE MERITS**

**A.    *The Possibility that a Motion to Dismiss Might Resolve a Case—Without More—is Not a Valid Basis for Staying Discovery***

Defendant's Motion to Dismiss ("MTD") is an ordinary Rule 12(b)(6) motion and the case law, including *TE Connectivity Networks*—the very case Defendant's cite for the factors this Court should look at—makes clear that "to establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion." 2013 WL 4487505 at \*2.[1]

In *TE Connectivity Networks*—one of the most highly cited District Court decisions on motions to stay—the defendant, All Systems Broadband ("ASB") made the same argument as Defendant here, *i.e.* that "it has filed a well-founded motion to dismiss" and "if the Court grants the motion, the need for discovery will become moot … and staying discovery will save the parties the time and expense of unnecessary discovery." 2013 WL

---

[1] In contrast, in *Danger v. Nextep Funding, LLC*, No. 18-CV-567 (SRN/LIB), 2019 WL 4917181, at \*5 (D. Minn. Jan. 22, 2019)—cited by Defendant (MTS at 2, 4), the Court stayed discovery because the defendants' "Motions to Dismiss are primarily based on arguments" that "this Court lacks subject matter jurisdiction to adjudicate those claims" and the Court could not rule on "any potential discovery dispute" without first determining whether it had jurisdiction.

4487505 at *1. The District Court agreed that "ASB has filed a potentially viable motion to dismiss" but still found the merits factor did not weigh in favor of a stay because ASB "has not demonstrated any specific good cause warranting a stay" and the "case does not involve a statute or doctrine of law which requires the resolution of motions to dismiss before discovery begins." *Id*. at *2.

*TE Connectivity Networks* is persuasive and should control here. Defendant has not demonstrated any statute or doctrine of law which requires the resolution of motions to dismiss before discovery begins. Rather Defendant's argument is that it has filed a viable motion to dismiss so there is "a very strong possibility" that Christopherson's claims "will be resolved at the pleading stage" (MTD at 4)—just like ASB's "well-founded motion to dismiss." Therefore, even if Defendant's self-assessment of their MTD was accurate, under *TE Connectivity Networks* that is not sufficient to demonstrate "good cause."[2]

As this Court held in *LNV Corp.*: the moving party's "entire argument for limiting discovery seemingly rests on the presumption that it will prevail on its Motion to Dismiss.

---

[2] Defendant claims "[w]here a motion to dismiss is pending, the Court "*must* take a 'peek' into the merits" to determine whether the moving party has shown "a likelihood of success on the merits." (MTS at 3) (emphasis added) citing *Danger*, 2019 WL 4917181, at *3. This misquotes *Danger*. Rather, in *Danger*, this Court stated that when "determining whether a movant seeking a stay has shown a likelihood of success on the merits, a court must take a 'peek' into the merits of the pending dispositive motion. *Danger*, 2019 WL 4917181, at *3. Where, as here, Defendant has simply filed an ordinary Rule 12(b)(6) motion there is no need to determine its likelihood of success on the merits and "issue what would be, in essence, an advisory opinion regarding the merits of [Defendant's] pending Motion to the Dismiss." *Cath. Mut. Relief Soc'y of Am. v. Arrowood Indem. Co.*, No. 17-CV-3141 (JRT/LIB), 2018 WL 9787272, at *7 (D. Minn. Apr. 23, 2018) (declining to look at the merits of the pending motion to dismiss).

However, … the mere filing of a motion to dismiss does not, in and of itself, constitute requisite good cause for staying discovery." 2013 WL 12180768 at *4.

### B. Defendant has Not Shown a Strong Possibility of Prevailing on the MTD

Contrary to Defendant's argument (MTS at 4-5), movie theaters are regulated by the plain meaning of the VPPA as entities "engaged in the business … of rental, *sale*, or *delivery* of prerecorded video cassette tapes or *similar audio visual materials*." 18 U.S.C. § 2710 (emphasis added). Movies are plainly "similar audio visual materials" to video-tapes and Defendant sells customers the right to watch those movies—through its websites and trailers—and delivers those movies to the theater for the viewing of customers. Defendant tries to include a limiting element on the statute of "materials designed to be viewed in the privacy of one's own home" (MTS at 4) but those words simply do not appear in the statute.[3] *See United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241 (1989) (If "the statute's language is plain, the sole function of the courts is to enforce it according to its terms.").

Rather, Defendant bases its claimed likelihood of success on the merits on one district court decision in a different Circuit, *Osheske v. Silver Cinemas Acquisition Co.*, No. 222CV09463, 2023 WL 8188464, at *1, 3-6 (C.D. Cal. Oct. 31, 2023), which Defendant claims is "the only case to have addressed the issue." (MTS at 5.) Even if one district court decision was enough to create a likelihood of success on the merits, Defendant

---

[3] Christopherson will rebut Defendant's argument in a more fulsome matter in her upcoming Opposition to Defendant's Motion to Dismiss, due on or before February 29, 2024.

7

ignores that another district court recently found that allegations of VPPA violations against an owner and operator of a website that sells movie tickets and displays trailers were sufficient to survive a motion to dismiss. S*ee Goldstein v. Fandango Media, LLC*, No. 22-80569, 2023 WL 3025111, at *2 (S.D. Fla. Mar. 7, 2023) (finding that it could not decide on a motion to dismiss whether a defendant who "disseminates video clips and sells movie tickets to its users" violated the VPPA).

Furthermore, Defendant ignores that *Osheske* is currently under appeal in the Ninth Circuit, and it is not a final decision. *See Osheske v. Silver Cinemas Acquisition Co.*, Case No. 23-3882, Dkt. No. 1 (Nov. 30, 2023 9th Cir.). Indeed, *Osheske* and Defendant's focus on a movie theater not being subject to the VPPA because it is a place of public accommodation is flawed because video stores are also a place of public accommodation, and the VPPA expressly regulated them. *See* 42 U.S.C. § 12181(7)(E) (defining rental store as a place of public accommodation); *Weekley v. N & H Liquor*, No. 518CV01386, 2019 WL 8017733, at *3 (C.D. Cal. Sept. 11, 2019) (a video rental store is "expressly identified as a place of public accommodation"). Therefore, there is a strong chance that *Osheske* will be overturned by the Ninth Circuit.

Finally, the District Court has reviewed similar allegations to the ones in the Complaint—specifically, allegations that a company owns and operates a website that displays videos and shares its users' watch history without their consent—and held that they are sufficient allegations to state a claim under the VPPA. *See, e.g., Feldman v. Star Trib. Media Co. LLC*, 659 F. Supp. 3d 1006, 1012 (D. Minn. 2023) (holding a complaint against a newspaper sufficiently stated a claim under the VPPA because the newspaper's

website displayed videos and shared its user's viewing history with Facebook without their

consent).

Defendant itself does not bother explaining the merits of its remaining arguments

that it did not "disclose[] Plaintiff's personally identifiable information" and that

"interpreting the VPPA in the Plaintiff advocates would make the statute unconstitutional."

(MTS at 5.)  This is not surprising because numerous Courts have repeatedly rejected these

arguments.  *See, e.g., Feldman*, 659 F.Supp.3d at 1019-21 (collecting cases holding that

"electronic disclosure of a person's video-viewing history, even if not explicit, can violate

the VPPA" through "the use of the Facebook Pixel"); *Saunders v. Hearst Television, Inc.*,

No. 23-CV-10998-RGS, 2024 WL 126186, at *5–6 (D. Mass. Jan. 11, 2024) (holding the

VPPA to be constitutional and writing "the court is aware of no cases in any circuit – and

[Defendant] cites none – holding that the VPPA violates the First Amendment").  In sum,

Defendant has not demonstrated more than mere possibility that the MTD will result in a

decision in its favor.

## II.   DEFENDANT HAS FAILED TO SHOW IT WILL SUFFER ANY HARDSHIP OR INEQUITY IN RESPONDING TO STANDARD DISCOVERY

Defendant asserts in a conclusory fashion that it "will suffer significant hardship or

inequity if required to respond to merits discovery at this time" (MTS at 6) but fails to

articulate "any particular facts or circumstances that make responding to discovery in this

case unusually burdensome or prejudicial beyond the usual case of this nature." *TE*

*Connectivity Networks*, 2013 WL 4487505, at *2 (denying motion to stay).

This is insufficient to support a motion to stay.  "A party seeking to limit discovery must 'establish grounds for not providing the discovery that are specific and factual; the party cannot meet its burden by making conclusory allegations as to undue burden.'" *Cake Love Co.*, 2023 WL 3255015, at *4 (quoting *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018)).

Moreover, Plaintiff "has yet to serve any discovery on [Defendant]" so "any assertion by [Defendant] of undue burden is speculative at this time.  Once discovery is served, [Defendant] may address any specific objections it may have to the relevance or breadth of discovery through a protective order." *Ferrari v. Best Buy Co.*, No. CV 14-2956 (MJD/FLN), 2014 WL 11498023, at *1 (D. Minn. Dec. 4, 2014).  Because Defendant has not made any showing hardship or inequity, this factor weighs against imposing a stay on discovery.

**III.    CHRISTOPHERSON WILL BE DEPRIVED OF HER RIGHT TO DISCOVERY—INCLUDING INFORMATION RELEVANT TO DEFENDANT'S MOTION TO DISMISS**

Christopherson will be prejudiced by a stay of discovery for two reasons: (a) granting the stay will delay discovery—and the eventual resolution of this action—for over six months; and (b) Christopherson will lose out on discovery that will support her opposition to the MTS or support amending the Complaint.

*First*, Rule 26 creates a "liberal discovery" right for Christopherson to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *LNV Corp.*, 2013 WL 12180768, at *3.  Oral argument on this motion is set for April 9, 2024.  According to Westlaw statistics, the median time for decision on a motion

to dismiss in this District, is 136 days—four-and-a-half months.[4]  It is not reasonable to require Christopherson to wait until the end of August before even making document requests—let alone a receiving documents relevant to her case.  And pushing out discovery will further delay the resolution of this action because discovery is necessary to determine the size of the class, prior to any settlement discussions.

*Second*, a party is prejudiced when they are "deprived … of the opportunity" to get discovery to "support" their opposition to a motion to dismiss.  *Steinbuch v. Cutler*, 518 F.3d 580, 588–89 (8th Cir. 2008).  Staying discovery will deprive Christopherson of the opportunity to seek documents to support her arguments against Defendant's MTD.  For example, Defendant argues that it was Meta, not Defendant, that shared her data and that Defendant did not have "any to know whether she, or any other user, had a FID [Facebook ID], much less what those FIDs were."  (MTD at 12–14.)  Discovery will show that it was Defendant's website and the deliberate plug-ins installed by Defendant that shared Christopherson's data and what Defendant knew about the sharing of that data.

## IV.  **DEFENDANT HAS FAILED TO SHOW ANY PRESERVATION OF JUDICIAL RESOURCES FROM A STAY OF DISCOVERY**

Defendant again asserts in a conclusory fashion that "a stay conserves judicial resources because CEC's motion has the potential to resolve the litigation."  (MTS at 7.)

---

[4]  *See* United States District Court, D. Minnesota, Overview, *available at* https://1.next.westlaw.com/Analytics/Profiler?docGUID=483&contentType=court&view=profile&dataOrchGUID=3af6557414fc4980bc8ee92cdcd46040&transitionType=Legal Litigation&contextData=(sc.Default)#/court/483/profile. There are no specific statistics for the Hon. Judge Blackwell.

But Defendant fails to explain what judicial resources will be conserved from a stay. Again, a "party cannot meet its burden" in seeking a stay "by making conclusory allegations.'" *Cake Love Co.*, 2023 WL 3255015, at \*4.  Indeed, the parties have not yet even exchanged document requests and there is no reason to believe that there will be any extensive discovery disputes that will require the resources of this Court before the District Court rules on the MTD.  By allowing discovery to progress, this Court will efficiently streamline this case and conserve judicial resources.

## CONCLUSION

For the foregoing reasons, Defendant's motion to stay should be denied.

Dated: February 8, 2024                         Respectfully Submitted,

/s/ *Ben Hutman*
Ben Hutman (*pro hac vice*)
SADIS & GOLDBERG LLP
551 Fifth Ave. 21st Floor
New York, New York 10176
Telephone: (212) 573-6675
Email: bhutman@sadis.com

Matthew D. Forsgren, Reg. No. 0246694
Caroline H. Brunkow, Reg. No. 0398936
FORSGREN FISHER McCALMONT
DeMAREA TYSVER, LLP
Capella Tower
225 South 6th Street, Suite 1500
Minneapolis, MN 55402
(612) 474-3300
mforsgren@forsgrenfisher.com
cbrunkow@forsgrenfisher.com

*Attorneys for Plaintiff Gina Christopherson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, February 8, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys of record.

____/s/ Ben Hutman_____<br>
Ben Hutman

{00465127.DOCX; 2}                                        13